# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

RONALD L. HILL                                                                      PLAINTIFF

2:12CV00145-BSM-JTK

KATHLEEN MAPLES, et al.                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     Introduction**

This matter is before the Court on Defendant Barker's Motion for Summary Judgment (Doc. No. 60). By Order dated November 15, 2013, this Court directed Plaintiff to file a Response to the Motion within fifteen days of the date of the Order (Doc. No. 64). The Court further advised Plaintiff that failure to respond to the Court's Order would result in all of the facts set forth in Defendant's Motion and Brief being deemed admitted by Plaintiff pursuant to Local Rule 56.1(c), or in the alternative, dismissal without prejudice of his Complaint, pursuant to Local Rule 5.5(c)(2).[1] The Court later granted Plaintiff's Motion for

---

[1]Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:
      It is the duty of any party not represented by counsel

Extension of Time to respond, until January 3, 2014 (Doc. No. 72). As of this date, Plaintiff has not filed a Response to the Motion.

Plaintiff is a former federal inmate[2] who filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), while incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas. In his Amended Complaint, he alleged deliberate indifference to his serious medical needs by Defendants in violation of his Eighth Amendment rights, and asked for monetary relief. (Doc. No. 12.) Several of the Defendants he originally named in this lawsuit were dismissed on December 12, 2012, for failure to state a claim upon which relief may be granted (Doc. No. 26). The Court granted the Summary Judgment Motion of Defendants Maples, Molina-Ossers, Peikar, Rendon, and Rios, on September 27, 2013, and dismissed them from this action (Doc. No. 56).

## II. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment

---

to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

[2]Plaintiff notified the Court of his release from incarceration on June 20, 2013 (Doc. No. 45).

as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "all material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

### A. Undisputed Facts

According to the Defendant's Statement of Undisputed Facts (Doc. No. 62) and Plaintiff's medical records (Doc. No. 60-1), to which Plaintiff has failed to respond, the

Court finds the following undisputed facts.

While incarcerated at FCI, Plaintiff received medical care from Defendant Barker and others from October, 2009 through May, 2010. (Doc. No. 60-1, pp. 2-4.) Defendant Barker saw Hill on October 23, 2009, when he reported to the medical department complaining about shortness of breath and a rash to the upper body. (Id., pp. 10-12.) Defendant Barker noted that his vital signs were within his normal range, his oxygen level was 96% on room air, and his lungs were clear. (Id.) Per Dr. Molina, Barker instructed Plaintiff to stop taking Cephalexin which he had been prescribed previously. (Id.) She also gave him an injection of Benadryl and told him to follow up with Health Services on the following Monday. (Id.)

Defendant Barker again treated Plaintiff on October 30, 2009, and administered another Benadryl injection per Dr. Molina's order. (Id., pp. 14-15.) Barker next saw Plaintiff on January 3, 2010, for complaints of upper chest pain when coughing or breathing. (Id., pp. 21-23.) Noting that his chest sounded clear, Barker told Plaintiff to return to sick call the following day. (Id.) The next time Barker saw Plaintiff was December 6, 2010, for a complaint that right side pain had worsened. (Id., pp. 17-19.) Barker noted that his vital signs were stable and that he did not appear distressed. (Id.) She received instructions from Dr. Peikar that Plaintiff should take Naproxen and rest. (Id.) After this time, Barker's only other encounters with Plaintiff were to take his vital signs in May, 2011, and June, 2011. (Id., pp. 25-27.)

    B.    **Defendants' Motion (Doc. No. 46)**

In support of her Motion, Defendant first states Plaintiff's monetary claims against

her in her official capacity should be dismissed, pursuant to sovereign immunity, citing Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007), and Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998).

Defendant also states that Plaintiff's individual capacity claims against her should be dismissed as a matter of law, for failure to show that she acted with deliberate indifference to his serious medical needs. Finally, Defendant states she is protected from liability in her individual capacity by qualified immunity.

**C.     Analysis**

Initially, the Court agrees that Plaintiff's monetary claims against Defendant in her official capacity should be dismissed pursuant to sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994); Baker v. Chisom, 501 F.3d at 925.

Plaintiff's remaining allegation against Defendant also fails to support an Eighth Amendment Claim, which requires proof that she was deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).

Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

Plaintiff complains that Defendant Barker acted with deliberate indifference on October 23, 2009, because she did not attempt to order an x-ray which may possibly have prevented a later visit to the local hospital, and she did not succeed in causing the doctors to prescribe Plaintiff a new antibiotic. (Doc. No. 12, p. 6.) In addition, he complains he waited over twenty minutes to see Barker on December 6, 2010, which "exasperated his breathing condition and anxiety." (Id.)

However, Plaintiff provides no proof of deliberate indifference by Defendant Barker; at most, his allegations against her amount to negligence, which is not actionable. In addition, Plaintiff appears to disagree over Defendant's medical decision not to order an x-ray, which also is not actionable, because it amounts to a "disagreement" over her treatment

7

decisions. Long v. Nix, 86 F.3d at 765.

Defendant also moves for summary judgment based on the doctrine of qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).[3] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.

---

[3] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009) (quoting Pearson v. Callahan, 555 U.S. at 236).

Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Upon close review of the medical records and the evidence in support of Defendant Barker's Motion for Summary Judgment, the Court finds that she acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right. As noted, Defendant made conscientious treatment decisions based on the objective medical evidence. Therefore, the Court finds Defendant is entitled to qualified immunity on Plaintiff's claims without further inquiry.

## III.   Conclusion

IT IS, THEREFORE, RECOMMENDED, that Defendant Barker's Motion for Summary Judgment (Doc. No. 60) be GRANTED, and Plaintiff's Amended Complaint be be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 14th day of January, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE